# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY M. YOUNG-BEY. | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-12-0162 |
| LIAM KENNEDY, et al., | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending is a motion to dismiss, or in the alternative, for summary judgment filed on behalf of the State of Maryland.[1] ECF No. 13. Plaintiff has not responded.[2] Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the motion to dismiss, construed as a motion for summary judgment, will be GRANTED.

## Background

Young-Bey a self-represented inmate, housed at the Western Correctional Institution ("WCI"), initiated these proceedings alleging that he was denied access to the prison's legal library. He further claims that he was denied requested accommodations. He states that he has learning and visual disabilities which defendants fail to accommodate under the Americans with Disabilities Act. ECF No. 1. He alleges that defendant Kennedy does not want plaintiff to use the legal library and

---

[1] Defendant filed a dispositive motion (ECF No. 8) which was denied without prejudice, subject to renewal, pending resolution of plaintiff's appeal of the Order denying his motion for recusal. ECF No. 20. Plaintiff's appeal having been resolved (ECF No. 25), the court now considers the dispositive motion.

Liam Kennedy has not been served with the complaint. For the reasons that follow, even if he had properly been served he would be entitled to summary judgment. Accordingly, the complaint against him shall be dismissed.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on April 18, 2012, plaintiff was notified that defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 9. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.* Plaintiff sought and received an extension of time within which to respond to the motion. ECF Nos. 10, 11 & 15.

closes it when plaintiff's housing unit is scheduled to use the library. Plaintiff also states that Kennedy has "falsely accused" and punished him for assisting other inmates with legal filings. He claims that Kennedy has entered into an agreement with other unnamed prison staff to retaliate against plaintiff and deny him access to the prison library. ECF No. 1. As a result, plaintiff states that he has "been frustrated and impeded from filing: a) A petition for a writ of actual innocence; b) been hindered from conducting legal research necessary to pursue nonfrivolous litigation; c) impeded in prosecuting a petition for a writ of habeas corpus in State court; and d) has been denied reasonable accommodations for his learning and disabilities necessary obtain access to the courts." *Id*.

Defendant Kennedy, WCI's Librarian, avers that general library procedures allow each housing unit access to the library once a week for approximately five hours. Additionally, inmates are given the opportunity to attend a day set aside once a week for legal library research that also consists of approximately five hours per day. ECF No. 8, Ex. 9. Kennedy further avers that he has not banned plaintiff from the library, and to his knowledge no other staff member had one so. During November and December of 2011, plaintiff was housed in housing unit 3 which had regularly scheduled library days on November 2 and 10 and December 1, 8 and 15, 2011. The record evidence further demonstrates that plaintiff used the legal library on November 1, 2, 4, 7, 8, 9, 16, and 30, and on December 7,9,12,16,19, and 21, 2011.

**Standard of Review**

A.  Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not

require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the

complaint." *Id*. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

B. Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

A.  Access to courts

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 352-352.

In *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), the Court characterized access-to-the courts claims as being in one of two categories. *Id* at 413. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second class, termed "backward looking claims," arise when a plaintiff alleges that a specific claim "cannot be

tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." *Id*. at 1209. In this way, the official action is said to have "'rendered hollow [the plaintiff's] right to seek redress'" in the courts. *Id*. (quoting *Christopher*, 536 U.S. at 415 (brackets in original) (internal citations omitted)).

Whether the claim is forward or backward looking, a prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a nonfrivolous legal claim. Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.

Plaintiff has failed to demonstrate any actual injury. He has failed to allege that a lack of access to unspecified materials hindered his ability to pursue a "nonfrivolous" claim. In addition, plaintiff has failed to allege that he had a meritorious petition. Plaintiff must establish that his underlying claim was "nonfrivolous" or "arguable." *Christopher v. Harbury*, 536 U.S. at 415. "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416 (footnote omitted). A prisoner's right to access the courts does not include the right to present frivolous claims. *Lewis v. Casey*, 518 U.S. at 353 & n. 3. It is not enough that a prisoner is prevented from challenging his conviction. He must also show that his claim had merit. Plaintiff has offered no information as to how his denial of access to the in house legal library adversely impacted a meritorious legal claim. More than a conclusory allegation, as offered here, is required to show actual injury. Plaintiff's

claim of "actual injury" is vague and conclusory and cannot withstand summary judgment.

Further, to the extent plaintiff alleges he was prohibited from assisting other inmates, his claim fails. Where a prison system fails to provide a reasonable alternative of access to court for inmates, the system may not bar inmates from assisting other inmates in preparation of their post-conviction petitions. *See Johnson v. Avery*, 393 U.S. 482, 488 (1969). This does not however, grant plaintiff an independent right to serve as a jailhouse lawyer. *See Thaddeaus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) ( citing *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993); *see also Munz v. Nix*, 908 F. 2d 267, 269 (8th Cir. 1990) (no constitutional right to be recognized and active as a jailhouse lawyer.) Similarly, plaintiff is not entitled to maintain a suit for other prisoners' complains. *Inmates v. Owens*, 561 F.2d 560 (4th Cir. 1977).

To the extent plaintiff alleges that defendants violated their own guidelines regarding policy and procedures for use of the library, such a claim does not state an independent federal claim. *See Sandin v. Conner*, 515 U.S. 472, 478-87 (1995) (while a prison occurrence may amount to a deprivation of a liberty interest entitled to procedural protection under the Due Process Clause of the Constitution if (1) statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty interest in question is one of "real substance," provisions that merely provide procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest); *see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461-62 (1989); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("prisoners may no longer peruse statutes and prison regulations searching for the grail of limited discretion.").

B. ARP process

Likewise, plaintiff's claim of irregularities in the processing of his ARPs is unavailing. While the long standing rule has been that prisoners have no constitutional right to participate in an

institutional grievance procedure, *see Adams v. Rice*, 40 F. 3d 72, 75 (4th Cir. 1994), with the passage of the Prison Litigation Reform Act 42 U.S.C. § 1997e(a) the issue is less clear. The Act requires exhaustion of administrative remedies before an action concerning prison conditions may be filed by a prisoner. The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further clarification regarding exhaustion as a pleading requirement was announced by the Fourth Circuit in *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674 (4th Cir. 2005). The court held that, "an inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Id*. at 681. To the extent that a prisoner's attempts to exhaust the administrative remedy process are thwarted by prison officials' misconduct, that evidence may be presented in response to the affirmative defense. *Id*. at 682. Thus, an inability to access the administrative remedy procedure based on an alleged refusal by prison officials to enforce the rules governing the process does not run afoul of the due process clause. Assuming, *arguendo*, that defendants did not satisfactorily investigate or respond to plaintiff's remedy requests, plaintiff's claim fails as he has failed to allege much less demonstrate any injury as a result of the alleged failure to investigate ARPs.

C. ADA

To establish a prima facie case under Title II of the ADA, plaintiff must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability. *See Constantine v.*

*George Mason Univ.,* 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose,* 192 F.3d 462, 467 (4th Cir.1999). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or participate in programs or activities. *See* 42 U.S.C. § 12131 et seq. A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." *Bircoll v. Miami-Dade County,* 480 F.3d 1072, 1082 (11th Cir. 2007). Plaintiff has failed to establish that he is disabled within the meaning of the ADA. Nor is there any evidence that plaintiff was discriminated against because of a disability. As noted above, there is simply no evidence that plaintiff was denied access to the legal library as alleged.

D.      Harassment, Retaliation and Conspiracy

Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). Plaintiff must also allege and prove some adverse impact or injury to his ability to exercise his protected right arising from the alleged retaliation. *See American Civil Liberties Union of Md., Inc., V. Wicomico County*, 999, F. 2d 780, 785 (4th Cir. 1993). Plaintiff offers nothing in support of his claim other than self-serving conclusory averments. There is nothing in the record to suggest that defendants acted in the manner alleged; to the contrary, the record before the court refutes plaintiff's allegations that he was denied access to the legal library. The record shows that plaintiff

went to the legal library regularly, spending more time in the library than any other inmate save the library aides. Similarly, the record belies any claim of injury as plaintiff filed numerous cases in the state and federal courts during the time he was alleged denied access to legal materials. ECF No. 8, Ex. 9-11.

"[N]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Verbal abuse of inmates by correctional staff, including aggravating language, without more, states no constitutional claim. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff laughed at inmate and threatened to hang him); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (racial slurs); *Cole v. Cole*, 633 F.2d 1083, 1091 (4th Cir. 1980) (no harm alleged from claimed verbal harassment and abuse by police officer). Accordingly, plaintiff's allegations that defendant Kennedy verbally harassed him fails to state a claim

Likewise, a conclusory allegation of a conspiracy, such as is made in this case, is insufficient to state a claim. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2nd Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted). *Langworthy v. Dean*, 37 F. Supp.2d 417, 424-25 (D. Md.). Plaintiff has failed to provide any evidence that defendants and/or other prison staff conspired against him in any manner. As noted above, plaintiff had ample access to the legal library. Moreover, all claims filed by plaintiff concerning lack of access to legal materials were adequately investigated. ECF No. 8, Ex. A.

## Conclusion

For the aforementioned reasons, defendants' Motion, construed as a motion for summary judgment, shall be granted. A separate Order follows.

<u>May 10, 2013</u>                                      /s/
Date                                             J. Frederick Motz
                                                 United States District Judge